# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-300 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JENNIFER A. TAYLOR | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an appeal filed by the Defendant, Jennifer Taylor ("Taylor"). Record Document 11. Taylor is appealing from a final judgment convicting her of resisting an officer, in violation of Louisiana Revised Statute 14:108. Magistrate Judge Hornsby found Taylor guilty after a trial on the merits. Taylor now appeals her conviction alleging insufficiency of the evidence. After a thorough review of the record, the Court **AFFIRMS** the judgment of conviction.

I.  **Background.**

In the early morning hours of May 22, 2012, Taylor was the passenger in a vehicle operated by her sister and co-defendant, Jinahrett Bright ("Bright"), on Barksdale Air Force Base. Dennis Buckingham ("Buckingham"), a Department of Defense police officer, was on patrol that night with his partner, Airman First Class O'Neil ("O'Neil"). Trial Transcript at 6. Buckingham and O'Neil were driving in a marked patrol unit. Id. at 21. Their supervisor, Staff Sergeant Okragleski ("Okragleski"), was driving alone in a separate marked patrol unit. Id. As these two units drove down Range Road on the Base, they noticed a vehicle, with two passengers inside, parked on the north side in an area in which

parking is not permitted. Id. at 7, 9. After initially passing the car, the officers decided to turn around and check on the vehicle and its passengers. Id. at 7. As they did so, the car suddenly backed out and began to travel west on Range Road. Id. at 9. The officers followed. Id.

During this time, Buckingham noticed that the license plate light on the vehicle was not working and intended to initiate a traffic stop based on this violation of Louisiana law. Id. However, before he could do so, the vehicle suddenly pulled over. Bright, the driver, exited the car and began yelling at the officers. Id. at 9-10. O'Neil ordered Bright "approximately five times" to close her door and remain inside her vehicle. Id. at 37. Buckingham directed O'Neil to call in the plates to make sure the car was not stolen and to turn on the overhead flashing lights to indicate a traffic stop. Id. at 10. After confirming the vehicle was not stolen, O'Neil approached Bright on the driver's side while Buckhingham approached Taylor on the passenger side. Id. Both officers, who were dressed in uniform and displaying badges, requested identification from Bright and Taylor. Id. at 10, 12. Taylor was on the phone with someone she claimed to be her brother-in-law, and she refused to produce her identification. Id. at 12-13. Taylor asserted her brother-in-law told her she did not have to produce her identification. Id. at 12. Buckingham explained to Taylor that all persons on a military installation had to be positively identified. Id. Meanwhile, on the other side of the car, O'Neil was experiencing a myriad of problems with Bright, who was uncooperative, combative, and resistant. Id. at 13-15.

After several unheeded requests to produce identification, Bright and Taylor were asked to step out of the vehicle. Id. at 13. Once again, both refused. Id. at 13-14. After numerous attempts to verbally coax Bright from the car, O'Neil attempted to physically extract her. Id. at 14. As Bright was pulled from the car, she swung her closed fist at O'Neil's face. Id. at 14. Taylor eventually exited the vehicle of her own volition and, upon request, stood at the rear of the car while Buckingham assisted O'Neil with Bright. Id. at 15. By this point, Bright and O'Neil were in a heated struggle, with O'Neil trying to handcuff Bright while she actively fought off his efforts. Id. at 15. Once Buckhingham stepped in to assist, Bright kicked him in the shins several times. Id. at 16.

While Buckingham and O'Neil were struggling with Bright, Okragleski monitored Taylor at the rear of the car. Id. at 20, 39. At some point, Master Sergeant Bali ("Bali") also arrived on the scene to assist. Id. at 41. Taylor was not handcuffed, but was asked to keep her hands on the trunk of the car. Id. at 20, 50. Despite these instructions, Taylor kept taking her hands off the trunk and repeatedly had to be ordered to keep her hands on the vehicle. Id. at 54-55. After Buckingham and O'Neil finally restrained Bright, Buckingham walked to the trunk area of the car and picked up Taylor's identification card. Id. at 20. Taylor immediately snatched it out of his hands. Id. Observing this, Bali instructed Buckingham to handcuff Taylor and take her into custody. Id. at 20-21. Bright was also taken into custody. Id. at 23.

Taylor was charged in a one count Bill of Information with resisting an officer, in violation of La R.S. 14:108, assimilated into the federal code via Title 18, United States

Code, Section 13. See Record Document 1. On September 20, 2012, both defendants proceeded to a bench trial before Magistrate Judge Hornsby. Bright was convicted of three of the four charges against her,[1] while Taylor was convicted of the sole count with which she was charged. Taylor was sentenced to one year of unsupervised probation, a $240 fine, and a $10 special assessment for the Crime Victims Fund. See Record Document 10. This appeal followed.

## II. Standard of Review.

This Court will review Taylor's conviction for sufficiency of the evidence. On appeal from a magistrate judge's judgment of conviction, "[t]he defendant is not entitled to a trial de novo by a district judge." F.R.Cr.P. 58(g)(2)(D). Rather, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Id. A district court will affirm a magistrate judge's findings if "after viewing the evidence in the light most favorable to the prosecution, [it finds that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Onenese, --F.App'x--, *1 (5th Cir. 2013). "[R]eview of the sufficiency of the evidence is highly deferential to the verdict." United States v. Davis, --F.3d--, *3 (5th Cir. 2013).

## III. Analysis.

On appeal, Taylor contends that there was insufficient evidence to convict her of resisting an officer, in violation of La R.S. 14:108. This statute provides in pertinent part:

---

[1] Bright did not appeal her conviction.

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
>> (c) Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.

La R.S. 14:108.

Magistrate Judge Hornsby found that Taylor was guilty of resisting because "she refused numerous instructions by Officer Buckingham to produce her identification. She refused, saying, 'I don't have to give you my identification.' She was directed to get out of the car; she refused." Trial Transcript at 68. Although Taylor does not dispute the facts adduced at trial, she seemingly disagrees that these actions constitute the offense of resisting an officer because she ultimately complied with the officers' requests.

This Court will not disturb the judgment of Magistrate Judge Hornsby as it is supported by substantial evidence. Indeed, a review of the evidence presented at trial makes it clear that any rational trier of fact could find substantial evidence establishing Taylor's guilt beyond a reasonable doubt. That is, the evidence plainly demonstrated that

despite numerous lawful commands by law enforcement officers, Taylor: (1) refused to produce her identification card, (2) refused to step out of the car, (3) refused to keep her hands on the trunk as commanded, and (4) snatched her license away from Buckingham as he was reviewing it. That Taylor's actions were less egregious than her co-defendant's (who swore, hit, and kicked the officers) does not change these facts. Nor does the fact that Taylor *eventually* yielded to the officers' authority make her actions any less unlawful. Thus, considering the evidence in the light most favorable to the verdict, the Court finds that a rational trier of fact could have concluded that Taylor resisted an officer as charged in the Bill of Information. For these reasons, Taylor's conviction is **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 4th day of November, 2013.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE